UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARL HALL,

      Petitioner,                                                                Case Number 09-CV-10444
                                                                                    Honorable Thomas L. Ludington

v.

MILLICENT WARREN,

      Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT
OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE
OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Carl Hall, presently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions of assault with intent to commit great bodily harm, Michigan Compiled Laws § 750.84, and possession of a firearm during the commission of a felony, Michigan Compiled Laws § 750.227b. Following a bench trial in the Wayne Circuit Court, Petitioner was found guilty of these crimes and was sentenced as a habitual offender, fourth offense, to life in prison for the assault conviction and a consecutive five-year term for the firearm conviction.

The petition raises five claims: (1) a panel of the Michigan Court of Appeals violated the law-of-the-case doctrine when it affirmed Petitioner's life sentence after an earlier panel had reversed it; (2) the trial court erred in concluding that the evidence was sufficient to support Petitioner's assault conviction; (3) the trial court erred in considering prior-bad-acts evidence to determine that Petitioner acted with the specific intent to cause great bodily harm; (4) the Petitioner's counsel was ineffective during trial; and (5) the Petitioner's counsel was ineffective

during the direct appeal. Petitioner's first claim is not based on clearly established Supreme Court law, as required by 28 U.S.C. § 2254(d). His remaining claims are procedurally defaulted as Petitioner did not raise them in the state courts during his direct appeal. Accordingly, the petition will be denied.

I

Petitioner was originally charged with assault with intent to commit murder and felony firearm. The victim, Bruce Perfect, parked his tow truck in front of "The Omens" motorcycle club in Detroit on the morning of July 19, 2001. As he was standing next to his truck, Perfect saw Petitioner walk around the corner of a building carrying a long gun. Petitioner said something along the lines of "I'm going to kill everyone." Perfect glanced about and saw that he was the only person in the vicinity. Petitioner then fired one shot in the air and ten more shots in Perfect's direction. None of the shots hit Perfect. Petitioner then fled on foot. Police officers gave chase, caught Petitioner, placed him under arrest, and recovered the gun.

After a bench trial, the trial court convicted Petitioner of the lesser offense of assault with intent to commit great bodily harm and possession of a firearm during the commission of a felony. The trial court departed from the recommended sentencing guideline range and sentenced Petitioner as a third-time habitual felony offender to life imprisonment for the assault conviction and a consecutive five-year term for the firearm conviction.

Petitioner filed an appeal by right, challenging only his sentence on the ground that the trial court did not have substantial and compelling reasons to depart from the guidelines. The Michigan Court of Appeals agreed, finding that the trial court erred in finding that the guidelines did not apply to habitual offenders and that the guidelines factored in the reason given for the

departure: Petitioner's prior convictions. *People v. Hall*, No. 242369, 2003 Mich. App. LEXIS 3260 (Mich. Ct. App. Dec. 16, 2003).

On remand, the trial court held a new sentencing hearing. Once again, the trial court sentenced Petitioner to life imprisonment. The trial court reasoned that while the guidelines took into account the number of prior offenses, they did not take into account that Petitioner's prior offenses involved firearms. Petitioner again appealed. The Michigan Court of Appeals affirmed the sentence. The court concluded that the trial court could properly consider the nature of Petitioner's prior offenses as a reason for departing from the guidelines, writing:

> [A]s the trial court correctly noted, [the guideline] variables did not account for the objective and verifiable fact that defendant had repeatedly engaged in assaultive offenses with firearms, and had done so in this case after being given an opportunity to reform his conduct. The trial court was entitled to find that the nature of defendant's prior convictions was not given adequate weight in the calculation of the guidelines. Defendant's history of committing assaultive offenses with firearms can be said to be objective and verifiable, to be a fact that irresistibly attracted the attention of the trial court, and to be a fact that was of considerable worth in deciding an appropriate sentence for a fourth habitual offender. The departure from the guidelines, while extensive, was authorized by statute and was not outside the range of principled outcomes under the circumstances.

*People v. Hall*, No. 254615, 2005 Mich. App. LEXIS 2802, *6-7 (Mich. Ct. App. Nov. 15, 2005) (internal citations omitted). Petitioner appealed to the Michigan Supreme Court. His application for leave to appeal was denied. *People v. Hall*, 477 Mich. 877 (2006).

Petitioner then returned to the trial court and filed a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq*. In his motion, Petitioner raised four claims. First, Petitioner argued, insufficient evidence was presented at trial to prove beyond a reasonable doubt that Petitioner intended to cause great bodily harm. Second, he argued, the trial court erred in considering prior-bad-acts evidence to determine that Petitioner intended to cause great bodily harm. Third, Petitioner argued, he was denied the effective assistance of appellate counsel for

failing to raise these claims during direct appeal. And fourth, he argued, he was denied the effective assistance of trial counsel when counsel failed to argue for a new trial on the ground that the verdict was against the great weight of the evidence.

The trial court denied the motion in an opinion and order dated June 13, 2007. The court explained, in part, "Defendant has not shown good cause under Michigan Court Rule 6.508(D)(3) as to why the remaining issues presented in the motion were not previously raised on appeal. Furthermore, he had not proven actual prejudice." Petitioner appealed this decision to the Michigan Court of Appeals, which denied his application for leave to appeal "for failure to demonstrate entitlement to relief under Michigan Court Rule 6.508(D)." *People v. Hall*, No. 280442 (Mich. Ct. App. Dec. 27, 2007). Petitioner's application for leave to appeal in the Michigan Supreme Court was denied with citation to the same court rule. *People v. Hall*, 482 Mich. 892 (2008).

Petitioner then filed the instant application for habeas relief, asserting the same claims he presented to the state courts during his direct appeal and post-conviction proceeding.

**II**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which governs this case, permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21(2003)

(quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) ("The court gives complete deference to state court findings of historical fact unless they are clearly erroneous.").

A state court decision to be "contrary to" clearly established precedent, the Supreme Court explains, "if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams*, 529 U.S. at 405-06.

A state court decision involves an "unreasonable application" of clearly established precedent, the Court explains, "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The Court cautions, however, that an unreasonable application of federal law is different from an incorrect application of federal law. Unanimously emphasizing the limited nature of this review in *Harrington v. Richter*, 131 S. Ct. 770 (2011), the Court reiterated that AEDPA imposes a highly deferential standard for evaluating state-court rulings, writing: "A state court's determination that a [petitioner's] claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 785–86 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, habeas review

is "limited to the record that was before the state court." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

### III

### A

Petitioner claims that the Michigan Court of Appeals violated the law-of-the-case doctrine when it affirmed the trial court's reinstatement of a life sentence after an earlier panel had reversed it. Petitioner also asserts that the state appellate court's order violates the collateral estoppel component of the Double Jeopardy Clause.

A federal court may issue a writ of habeas corpus to release a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c), 2254(a); *Mabry v. Johnson*, 467 U.S. 504, 507 (1984). Conversely, "The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure." *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984).

The law-of-the-case doctrine is a principle based on prudential concerns, not federal constitutional principles. *Bowles v. Russell*, 432 F.3d 668, 677 (6th Cir. 2005). Under Michigan law, the law-of-the-case doctrine simply dispenses with the need for a court to consider legal question already decided by a prior decision in a case. *See Corp, & Sec. Comm'n v. Am. Motors Corp*, 379 Mich 531 (1967). As a construct of state law, it therefore cannot form a basis for granting federal habeas relief.

As for Petitioner's reference to the collateral estoppel aspect of the Double Jeopardy Clause, this federal constitutional protection "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated

between the same parties in any future lawsuit." *Schiro v. Farley*, 510 U.S. 222, 232 (1994). In the context of criminal proceedings, collateral estoppel serves to bar a later prosecution where the government has lost an earlier prosecution involving the same facts. *United States v. Dixon*, 509 U.S. 688, 705 (1993). The burden is on the defendant to prove by convincing and competent evidence that the fact sought to be foreclosed was necessarily determined by the jury against the government in the prior trial. *Dowling v. United States*, 493 U.S. 342, 350-51 (1990). In this case, Petitioner does not allege that an issue of ultimate fact has been determined in his favor by a trier of fact or that the government lost any earlier prosecution involving the same facts. The Michigan Court of Appeals did not "acquit" him of a life sentence. Rather, it determined that the trial court's articulated reason for departing from the sentencing guidelines was in error and so remanded the case for resentencing. On remand, the trial court explained that the manner in which it considered Petitioner's prior convictions had to do with the nature of those offenses rather than their mere existence in determining a prior record variable. The doctrine of collateral estoppel is inapplicable to this situation, and Petitioner is not entitled to habeas relief on this claim.

### B

Petitioner's remaining claims were not presented in his motion for relief from judgment and the appeal that followed. Respondent thus correctly notes that these claims are barred from review because Petitioner procedurally defaulted them in the state courts.

A procedural default is "a critical failure to comply with state procedural law." *Trest v. Cain*, 522 U.S. 87, 89 (1997). Such a default may occur if the state prisoner fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he does not comply with a state procedural rule that required him to have

done something at trial to preserve his claimed error for appellate review, e.g., make a contemporaneous objection or file a motion for a directed verdict. *See Simpson v. Sparkman*, 94 F.3d 199, 202–03 (6th Cir. 1996). Procedural default will bar consideration of the merits of a federal claim if the state rule is actually enforced and is an adequate and independent ground for the state court's decision. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Monzo v. Edwards*, 281 F.3d 568, 575–76 (6th Cir. 2002).

Here, the Michigan Court of Appeals and the Michigan Supreme Court both denied relief in standard form orders on the grounds that the petitioner had failed to demonstrate entitlement to relief under Michigan Court Rule 6.508(D). The Sixth Circuit holds that because the form orders used by the Michigan appellate courts are unexplained, they are ambiguous as to whether they refer to a procedural default or the denial of right on the merits. *Guilmette v. Howes*, 624 F.3d 286 (6th Cir. 2010). Therefore, the Court must "look through" the unexplained orders of the Michigan appellate courts to the decision of the state trial court to determine the basis for the denial of state post-conviction relief.

The trial court, in contrast to the appellate courts, expressly relied on Petitioner's procedural default, explaining: "Defendant has not shown good cause under Michigan Court Rule 6.508(D)(3) as to why the remaining issues presented in the motion were not previously raised on appeal. Furthermore, he had not proven actual prejudice." As the state trial court explicitly and unambiguously relied on Rule 6.508(D)(3) in determining that the petitioner failed to establish good cause actual prejudice for failing to raise his claim on direct appeal, Petitioner's post-conviction claims are procedurally defaulted. *See Ivory v. Jackson*, 509 F. 3d 284, 292–93 (6th Cir. 2007); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).

Assuming the Petitioner had demonstrated good cause and prejudice to excuse his default, which he has not, he would nevertheless not be entitled to relief because the claims lack merit.

Petitioner first claims that insufficient evidence of his intent to commit great bodily harm was presented at his trial. Essentially, Petitioner argues that if he had intended to harm the victim, he could not have possibly missed every shot. Claims challenging the sufficiency of the evidence are governed by the standard articulated in *Jackson v. Virginia*, 443 U.S. 307 (1979), pursuant to which it must be determined whether viewing the evidence in the light most favorable to the prosecution and according the benefit of all reasonable inferences to the prosecution, any rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. *See O'Hara v. Brigano*, 499 F.3d 492, 499 (6th Cir. 2007) (citing *Jackson*, 443 U.S. at 319-26).

Under Michigan law, the two elements of the crime of assault to do great bodily harm less than murder are: "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v. Parcha*, 227 Mich. App. 236, 239 (1997). The evidence showed that Petitioner announced his intent to "kill everyone," then fired eleven shots with a long-gun. One shot was fired in the air. The other ten were fired in the direction of the only other person present, the victim. The formation of the intent to cause bodily harm does not depend on a defendant being a good shot. Thus, the evidence was sufficient to establish the disputed element of the offense.

Next, Petitioner claims that the trial court erroneously considered his prior firearm offenses as evidence that he intended to injure the victim. This claim, however, is not cognizable on habeas review. *See Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007). As no clearly

established Supreme Court precedent holds that a state violates due process rights by admitting propensity evidence in the form of "prior bad acts" evidence, the admission of "prior bad acts" or "other acts" evidence against Petitioner does not entitle him to habeas relief. *See Bugh v. Mitchell*, 329 F. 3d 496, 512 (6th Cir. 2003). Petitioner is therefore not entitled to habeas relief on this claim.

Petitioner next claims that his trial counsel was ineffective for failing to raise a great-weight-of-the-evidence claim in a motion for new trial. Effective assistance of counsel is guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). To show that counsel's representation was ineffective, Petitioner must satisfy two prongs: (1) inadequate performance by defense counsel, and (2) prejudice resulting from that deficient performance. The first prong requires a showing "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong requires Petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Petitioner was not prejudiced by his counsel's not raising a claim that the verdict was against the great weight of the evidence because there is not a reasonable probability the trial court would have granted a motion for new trial on this basis. As stated above, the evidence was legally sufficient to sustain the verdict. Moreover, the very argument raised by Petitioner — that he must not have intended to hurt the victim because he missed him with every shot — was raised by defense counsel in closing argument and specifically rejected by the trial court when it made its findings of fact.

Finally, Petitioner claims his appellate counsel was ineffective for failing to raise these claims in his appeal of right. Because the underlying claims are without merit, appellate counsel was not ineffective for failing to have raised them. *See Siebert. v. Jackson*, 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

### IV

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either

that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Petitioner will also not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

V

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed in forma pauperis on appeal is **DENIED**.

Dated: January 18, 2012

                                                      s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Carl Hall, #208190, at Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446 by first class U.S. mail on January 18, 2012.

                            s/Tracy A. Jacobs
                            TRACY A. JACOBS